IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ODELL RUTLEDGE JR,

    Plaintiff,

v.                                                                                          CASE NO. 1:11-cv-258-SPM-GRJ

ODELL RUTLEDGE JR,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Jefferson C.I., initiated this case by filing a *pro se* complaint titled "Notice of Action in Rem and Arrest of Vessel" with a notation at the top that it is "In Admiralty." (Doc. 1.) Pursuant to 28 U.S.C. § 1915A, the Court may dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A dismissal as frivolous is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). This is plainly such a case. Plaintiff names himself as both the Plaintiff and Defendant and has attached financing statements from the State of Florida and the UCC which reference a birth certificate and driver's license as "collateral." The complaint lacks any arguable basis in law or fact.

Plaintiff is advised that if this report and recommendation is adopted by the district judge, it will count as Plaintiff's third "strike" for the purposes of the three-strikes bar of 28 U.S.C. § 1915(g). This provision provides that if a prisoner has three or more prior civil actions or appeals dismissed on the grounds that they were frivolous,

malicious, or failed to state a claim upon which relief may be granted, he is prohibited from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).   A prisoner who is no longer entitled to proceed in forma pauperis must pay the full filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  Plaintiff received one "strike" in *Rutledge v. Alachua County Circuit Court of Florida, et al.,* Case No. 1:10-cv-160-MP-GRJ (N.D. Fla. November 23, 2010, Doc. 14) (dismissing Plaintiff's claims as indecipherable and frivolous under 28 U.S.C § 1915(e)(2)(B)(i)) and another strike in *Rutledge v. Geithner et al.,* Case No. 1:10-cv-01892-UNA (N.D. Fla. November 4, 2010, Docs. 3 & 4) (dismissing as frivolous and counting as strike for the purposes of  § 1915(g)).

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case be **DISMISSED** as frivolous pursuant to 28 U.S.C § 1915A.

IN CHAMBERS  this 1st day of December 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.